# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2012

Lyle W. Cayce
Clerk

No. 11-41236
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL ANTONIO SALVADOR-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:11-CR-707-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rafael Antonio Salvador-Garcia (Salvador) appeals his 53-month guidelines sentence for illegal reentry. He contends for the first time that the sentence was procedurally unreasonable because the district court failed to address his nonfrivolous arguments for a downward variance. As in *Rita v. United States*, 551 U.S. 338, 356 (2007), Salvador presented "straightforward, conceptually simple arguments" in support of a non-guidelines sentence. He argued, inter alia, that he was culturally assimilated as a youth, rehabilitated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during his long prison term, motivated to return to the United States from El Salvador by the fear of brutal gang violence, and far removed from his two prior convictions in 1993 for aggravated robbery.  The record reflects that the district court listened to his arguments and responded to several of them.  In imposing the guidelines sentence, the court explained that it considered the § 3553(a) factors, particularly its duty to protect the public in light of Salvador's criminal history.  We find no clear or obvious error under these circumstances.  *See id.* at 357-59.  Moreover, Salvador concedes that he cannot show that any error affected the sentencing outcome.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).  Accordingly, he fails to establish plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Salvador also contends for the first time that the district court failed to consider the sentencing factors under § 3553(a).  Although the district court did not refer to each of the § 3553(a) factors, it was not required to do so.  *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  When a guidelines sentence is imposed, we "infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  We find no error, plain or otherwise.

Citing *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1055-58 (9th Cir. 2009), Salvador challenges the substantive reasonableness of his sentence on the grounds that his aggravated robbery convictions are stale and he has no subsequent criminal history.  He asserts that he was rehabilitated in prison, he made a concerted effort to remain in El Salvador after his deportation, and he was compelled to return by gang violence.  He asserts that his guidelines sentence fails to account for these factors and that it represents a clear error of judgment by the district court in balancing the sentencing factors.

The district court listened to Salvador's arguments for a downward variance and determined that a guidelines sentence was appropriate. The court gave greater weight to Salvador's criminal history, which included four armed

robberies, and the related need to protect the public, than to Salvador's claims. We give due deference to the district court's weighing of the sentencing factors because it "sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall v. United States*, 552 U.S. 38, 51 (2007) (internal quotation marks and citation omitted). Salvador has not shown that the district court abused its discretion in weighing incommensurable factors under § 3553(a). *See United States v. Hernandez*, 633 F.3d 370, 375-76 (5th Cir.), *cert. denied*, 131 S. Ct. 3006 (2011). He also fails to show that the guidelines range did not account for a factor that should have received significant weight, and he fails to overcome the presumption that his guidelines sentence was reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.